JOSEPH F. McCORMICK, PLAINTIFF, *v.* THE CITY OF SYRACUSE, DEFENDANT.

*Salary — construction of a charter authorizing the fire department to fix the salaries of its employes subject to the approval of the common council — the latter body has no power to originate any measure or fix any amount — charter of the city of Syracuse — 1877, chap. 79, sec. 7.*

CONTROVERSY submitted without action, in pursuance of section 1279 of the Code of Civil Procedure.

The charter of the city of Syracuse provides that the salaries of the several officers of the fire department of said city, and of all other persons employed by said department, " shall be fixed by the board of fire commissioners subject to approval by a majority vote of the common council." (1877, chap. 79, § 7.) The plaintiff was a fireman employed by the defendant, and acted as a ladderman. Prior to the 15th of March, 1880, the salary of a ladderman had been fixed at $480 a year. On the 7th of February, 1880, the board of fire commissioners fixed the salary of laddermen at $600 a year, subject to the approval of the common council. On the 15th of March, 1880, at a meeting of the common council, a resolution was adopted approving of the said salaries so fixed by the fire commissioners to the amount of $540 a year for each ladderman, and no more. That resolution remains unrescinded and no further action has been taken on the subject by the common council or the board of fire commissioners, and the board has continued to pay the plaintiff at the rate of $480 a year.

The court at General Term said: " The plaintiff now seeks to recover the additional sum of five dollars a month for eleven months by virtue of the said action of the board and the common council, and the only question is whether such action entitles

him to it. We think it does not. Under the charter, all measures fixing the salaries of persons employed by the fire department must originate with the board. The common council has no power in the matter, except to approve or disapprove the action of the board. In the present case, the resolution of the board to increase the salary to $600, not having been approved by the council, was of no effect, and the salary remained as it was before the resolution was passed. The proposition of the council to fix the salary at $540 a year was a mere nullity, that body having no power to originate such a measure, and the proposition never having been adopted or acted upon by the board."

*W. C. Ruger* and *Louis Marshall*, for the plaintiff.

*M. A. Knapp*, for the defendant.

Opinion by SMITH, P. J.; HARDIN and HAIGHT, JJ., concurred.

Judgment ordered for the defendant, with costs.